UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

IN RE LINDA DARLENE JOHNSON,         Case No. 04-36229
     Debtor                                                    Chapter 13

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on debtor's objection to claim #2 held by GMAC Mortgage Corporation[1] in her chapter 13 case. An evidentiary hearing on debtor's objection was held May 4, 2005. GMAC presented witness testimony and GMAC Exhibits 1-4 were admitted into evidence. Notably, exhibit 2 contains the payment history of the loan through the hearing date. Debtor introduced exhibits 1-4, consisting of GMAC Mortgage Account Statements, which were also admitted into evidence. The court did not make a ruling, and final hearing was set down for thirty days with instructions given to the parties to attempt settlement. Hearing was continued on several occasions. Further attempts to settle the dispute were unsuccessful, and final hearing was held November 9, 2005.

At final hearing, the court heard testimony from debtor and received debtor's proffered evidence intended to show the claim amount was inaccurate. The court took the issue under advisement and suggested that debtor and creditor work with the U.S. Trustee to reach an agreement. As no settlement has been reached, the court finds, for the reasons stated below, that GMAC's claim will be allowed in the amount shown on its proof of claim, less a credit for debtor's previously

---

[1] GMAC is the successor in interest to Fairbanks Capital Corporation, debtor's original mortgage lender on a note dated October 29, 1999, secured by a Deed of trust against Debtor's property, known as 3207 Barton Avenue, Richmond, Virginia, 23222. GMAC began servicing the loan in June 2002.

unapplied payments made between September 2002 and the petition date and for payments made since the commencement of the case that were applied to pre-petition arrearages included in the proof of claim.

## **Statement of Facts.**

Debtor filed a voluntary petition under chapter 13 of the Bankruptcy Code on June 28, 2004. On July 21, 2004, GMAC filed claim #2, a secured proof of claim, which included pre-petition arrearages and associated fees and costs totaling $16,795.49 for the period September 2002 through May 2004. Debtor then filed her objection to this claim on February 15, 2004, alleging the amount of the claim was incorrect. Debtor's Objection to Claim #2 takes opposition to the amount of pre-petition arrearages and relies on two separate bases for alleging the claimed amount was incorrect, stating that the proof of claim: (1) did not reflect all mortgage payments made between September 2002 and May 2004; and (2) failed to credit payments in the amount of $1,295.83 made to GMAC by the chapter 13 trustee in debtor's previous chapter 13 case filed in 2001. GMAC responded that all amounts claimed were actual and reasonable expenses due under the terms of debtor's note and deed of trust.

In contradiction of debtor's written objection, which argued only that the proof of claim was too high for the two reasons stated above, debtor alleged at both hearings that she owed no pre-petition arrearages whatsoever. Debtor attempted to persuade the court that because the account statements over the life of the loan through August 2002 failed to indicate arrearages, there could have been no arrearages due and owing as of August 2002.

Debtor first noted that statements from Fairbanks Capital Corporation made no mention of arrearages. She then turned to her exhibits admitted into evidence at the May 4, 2005, hearing to advance her argument. Exhibits 2 and 3 are GMAC Mortgage Account Statements dated July 2002

2

and August 2002, respectively. These are the first two statements generated by GMAC once they acquired servicing of the loan. Notably there is no entry in the area designated for "Total Unpaid Amount." Exhibit 4 is a statement dated September 2002, showing an amount past due with outstanding late charges and other fees totaling $10,310.32. Debtor takes issue with this amount and contends GMAC cannot prove where it originated because it was not detailed in the previous two statements.

Debtor interpreted the July and August 2002 statements to mean she was current as of the statement dates, but the court finds there is no evidence to substantiate this and that debtor simply misunderstood. The court also finds that Fairbanks was not in the practice of reporting past due amounts, and that this explains the "missing arrearages" on the statements. Further, the court credits evidence in the form of the September 2002, statement showing an arrearage as well as GMAC witness testimony at the May 4, 2005, hearing that the proof of claim amount was correct. As a preliminary matter, therefore, the court finds the proof of claim is valid and henceforth will address only debtor's objection to the claim's amount.

**Conclusions of Law.**

11 U.S.C. § 502(a) provides that a claim evidenced by a proof of claim "is deemed allowed, unless a party in interest … objects." Such proof of claim is prima facie evidence of the validity and amount of the claim under FRBP 3001(f) and § 502(a). Moreover, when a party objects, that party carries the burden of proof with regard to the claim's validity and amount. Courts have held that to overcome the presumption of validity, the objector must provide "substantial evidence." See, e.g., Brown v. IRS (In re Brown), 82 F.3d 801 (8th Cir. 1996) (a claim's presumptive validity is not altered unless an objection is supported by substantial evidence); In re Hemingway Transp., Inc., 993 F.2d 915 (1st Cir. 1993) (an objection to a claim

3

does not deprive the claim of its presumptive validity unless the objection is supported by substantial evidence). In the instant case, debtor has provided sufficient evidence on her first basis for objection, and the claim will be modified accordingly. Debtor is unable to provide substantial evidence on the second basis of her objection, and the claim will not be reduced by $1,295.83.[2] The court will address each basis in turn, as well as further evidence used to set the proper allowed amount of claim #2.

PRE-PETITION ARREARAGES SEPTEMBER 2002 THROUGH MAY 2004

Debtor argues that the proof of claim does not reflect all mortgage payments made during the period September 2002 to July 2004. At hearing on November 9, 2005, Debtor submitted proof of payments made on her mortgage note in the form of money order receipts dated in the months of August, September, November and December 2002, and January, February, June, July, September, and October 2003. A review of GMAC's exhibit 2 admitted at the May 4, 2005, evidentiary hearing, reveals that many of those payments, though dated as per above and received shortly thereafter, were in fact applied to debtor's <u>earlier missed payments</u>,[3] with the result that debtor was in arrears beginning September 2002 and thus failed to make eighteen pre-petition payments. Debtor's Objection concluded that because she was missing proof of twelve months of receipts between September 2002 and July 2004, she was only twelve months in arrears. This is an understandable mistake, as at the time the objection was filed, debtor did not have privy to GMAC's exhibit 2, detailing how the money received was applied to earlier missed payments rather than to a payment due the month in which it was received. The court finds that

---

[2] This is the total amount GMAC received from the chapter 13 trustee in debtor's 2001 case, which debtor avers was not credited to her account.

[3] For example, debtor's money order receipt dated December 2, 2002, was received on January 6, 2003, and used to credit the missed payment due May 1, 2002.

4

GMAC applied the payments in an acceptable fashion, resulting in the account going into arrears beginning September 2002 and yielding a pre-petition arrearage of eighteen months.

In forming the argument that all payments made in the time period at issue were not reflected in GMAC's proof of claim, debtor may have relied on the fact that she had in her possession money order receipts totaling $7,520.00, yet $2,495.00 of this amount was not reflected on GMAC's loan history, exhibit 2. Per this exhibit, the amounts on the face of receipts dated January 15, 2003, February 7, 2003, September 16, 2003, and October 28, 2003, were not applied to debtor's account. However, as these receipts are for money orders, the court is unable to determine whether the money orders were made payable to GMAC or its predecessor in interest, Fairbanks Capital Corporation, or to some other entity. Given debtor's credible testimony at the final hearing, supported by the money order receipts, the court will allow a credit of $2,495.00 against the pre-petition arrearage included in claim #2. Because debtor has produced sufficient evidence to overcome the presumption of validity of the claim's amount under § 502(a), as to this amount, the claim will be modified accordingly.

PAYMENTS FROM CHAPTER 13 TRUSTEE DURING DEBTOR'S 2001 CASE

Debtor's second basis for asserting the inaccuracy of the proof of claim is GMAC's alleged failure to credit payments totaling $1,295.83 received from the chapter 13 Trustee in debtor's previous case. At the May 4, 2005, hearing, Edward Duffner, a performance risk analyst in GMAC's default division, testified that he had analyzed debtor's file and had determined that every trustee payment was applied properly to debtor's account. GMAC's exhibit 4 includes detail of payments made to Fairbanks by the trustee over the course of the debtor's 2001 case totaling $1,295.83. Debtor has produced no evidence that would contradict Mr. Duffner's testimony that these payments were accounted for in the proof of claim, and thus has not sustained her burden of

5

proof for her objection on these grounds.

POST-PETITION PAYMENTS APPLIED TO PRE-PETITION ARREARAGES

Lastly, debtor's current plan provides for direct payments to GMAC. Debtor stated at final hearing that she has made four payments since filing the objection and believed they should be credited against post-petition arrearages of $5,239.37.[4] GMAC's exhibit 2 provides evidence that these payments, totaling $2,585.00, were applied to pre-petition arrearages for September 2002 through May 2004. Therefore, GMAC's proof of claim, which includes arrearages for those months, should be reduced by this amount. Post-petition arrearages, which are not the subject of debtor's objection, were not affected by debtor's 2005 payments and may continue to accrue. To avoid confusion going forward, the court suggests that GMAC credit future payments to post-petition arrearages rather than pre-petition arrearages.

Accordingly,

**IT IS ORDERED** that the debtor's objection to GMAC Mortgage's proof of claim is sustained in part and overruled in part, and claim #2 is allowed in the amount of $83,761.16[5] as a secured claim.

Signed this __th day of November, 2005.

/s/ Douglas O. Tice Jr.
DOUGLAS O. TICE JR.
CHIEF JUDGE
UNITED STATES BANKRUPTCY JUDGE

---

[4] The post-petition arrearage figure is stated in GMAC's exhibit 1 and was current as of June 1, 2005. It is comprised of seven missed payments and estimated legal fees and costs associated with defending the objection.
[5] This figure is derived from the proof of claim for claim #2 in the amount of $88,841.16, which includes total arrearages and associated costs of $16,795.49, less a credit of $2,495.00 for payments made but not credited to debtor's loan account and a credit of $2,585.00 for debtor's 2005 payments applied to pre-petition arrearages.

**Copies to:**

Linda Darlene Johnson
3207 Barton Avenue
Richmond, Virginia 23222
*Pro Se Debtor*

Kirk D. McQuiddy, Esq.
P.O. Box 3963
Richmond, Virginia 23235
*Counsel for Creditor*